| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| WILFORD MARKS, § § Plaintiff, § § *versus* § § REGINALD GOINS, *et al.*, § § Defendants. § | CIVIL ACTION NO. 1:11-CV-333 |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Wilford Marks, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Reginald Goins and an unidentified practice manager. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

Defendant Goins has filed a motion to dismiss. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the motion to dismiss be granted and this lawsuit dismissed for failure to state a claim upon which relief may be granted.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

The magistrate judge construed plaintiff's complaint as asserting two claims: (1) the defendants improperly failed to evacuate the Larry Gist State Jail before Hurricane Ike made landfall on September 13, 2008, and (2) the defendants subjected him to cruel and unusual punishment with respect to conditions at the facility after the hurricane passed through the area. The magistrate judge's recommendation that this matter be dismissed was based on his conclusion

that this lawsuit is barred by the applicable statute of limitations. In reaching this conclusion, the magistrate judge determined plaintiff's claims arose, at the latest, on September 30, 2008.

In his objections, plaintiff states he is also attempting to assert a claim that he was denied access to the courts and asserts this claim is not barred by the statute of limitations. The court notes that the access to courts claim has been severed from this action and will proceed as a separate lawsuit. As a result, the access to courts claim is no longer a part of this proceeding.

Plaintiff also appears to assert he is entitled to equitable tolling in this matter. He states he is disabled due to blindness and requires visual aids and services. He states that for a period of time, the defendants failed to provide him with prescription eyeglasses and magnifiers, which prevented him from initiating this action. He states he began preparing this lawsuit in June and July of 2010, when he was provided with eyeglasses and magnifiers.

Equitable tolling preserves a plaintiff's claim where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). In order for equitable tolling to apply, a litigant must diligently pursue his claim. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Plaintiff is not entitled to equitable tolling. Even if it is assumed plaintiff was prevented in an extraordinary way from asserting his claims, plaintiff did not diligently pursue his claims after he was able to do so. He states he received the visual aids he needed in June and July of 2010. However, his complaint is dated July 13, 2011, approximately one year later. Litigants who have waited this long to file a complaint have not been found to have diligently pursued their claims. *Schmitt v.* Zeller, 354 F. App'x 950, 951 (5th Cir. 2009) (litigant not entitled to equitable tolling after a delay of 10 months); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (litigant

2

not entitled to equitable tolling after a delay of four months); *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999) (litigant not entitled to equitable tolling after a delay of six months).[1]

Finally, plaintiff asserts he is proceeding under the American with Disabilities Act ("ADA") as well as 42 U.S.C. § 1983. However, claims brought pursuant to the ADA are subject to same two year period of limitations applicable to claims brought pursuant to Section 1983. *Gibson v. Houston Launch Pad*, 378 F. App'x 399, 400 (5th Cir. 2010) (citing *Frame v. City of Arlington*, 575 F.3d 432, 437 (5th Cir. 2009)). Accordingly, plaintiff's claims under the ADA are also barred.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. The motion to dismiss filed by defendant Goins is **GRANTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 11th day of September, 2014.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff was a party to a putative class action concerning conditions at the Larry Gist State Jail after Hurricane Ike made landfall. *Garcia v. Goins*, 1:09cv337 (E.D. Tex.). Plaintiff's claims were severed into another lawsuit, *Marks v. Goins*, 1:09cv582 (E.D. Tex.), that was dismissed for failure to state a claim after plaintiff failed to file objections to a Report and Recommendation of United States Magistrate Judge. Plaintiff states that if he had been provided with visual aids sooner, he would have been able to file objections to the Report and Recommendation. However, if plaintiff believed he was improperly prevented from filing objections in his prior lawsuit, he should have sought relief in that action by filing a motion for relief from judgment. Any difficulties plaintiff may have experienced in litigating his prior lawsuit do not affect the running of the period of limitations in this lawsuit and do not entitle him to equitable tolling.